OKLAHOMA WATER RESOURCES BOARD — STATUTORY POWERS OVER IMPOUNDED WATER Where water has been impounded upon the land of multiple owners and where said water has been determined to be the proper subject of appropriation by the Oklahoma Water Resources Board, that Board is statutorily empowered to determine the respective rights of the land owners to the beneficial use of the water impounded. The Oklahoma Water Resources Board has the implied authority to establish an equitable formula whereby the interest of the landowners and the State are fairly considered. The Attorney General has considered your request for an opinion wherein you ask the following questions: When a reservoir is constructed and the land underlying such a reservoir has multiple owners, is the Water Resources Board authorized to determine the respective rights of the land owners to make beneficial use of the water so impounded. And also is the Water Resources Board required to grant applications on the basis of percentile of ownership of the land underlying the water or may the Water Resources Board utilize its discretion in determining the amount of water which may be allocated to the applicants. In Oklahoma Water Resources Board v. Central Oklahoma M.C. District, Okl., 464 P.2d 748,754, the Oklahoma Supreme Court held: "One who constructs a dam across a definite stream may not claim any greater interest in the impounded water of the stream than he had in the stream before the dam was erected." When a dam is constructed on a definite stream whereby the impounded water lies on the dedicated property of multiple owners, no single owner on his own initiative may exercise a greater interest in the impounded water than that which he had before the dam was constructed. In order that one of the owners may exercise dominion over more of the impounded water than he was entitled to control as a riparian owner and such diffused surface water as he may have collected and stored on his land, the owner must clearly bring himself within the statutory provision. In 60 O.S. 60 [60-60] (1971), the following language appears: "The owner of the land owns water standing thereon, or flowing over, or under its surface but not forming a definite stream." ". . .Providing however, that nothing contained herein shall prevent the owner of land from damming up or otherwise using the bed of a stream on his land for the collection or storage of waters in an amount not to exceed that which he owns, by virtue of the first sentence of this section. . ." So that impounded water lying upon the land of multiple owners may be subjected to depletion for the "domestic use" of each owner as prescribed in 82 O.S. 1-A [82-1-A] (1971); "Any natural person has the right to take water for domestic use from a stream to which he is riparian or to take stream water from domestic use from wells on his premises as provided in Section 1 of this Act." And further the impounded water may be subjected to depletion of stored surface water as authorized in Nunn v. Osborne, 417 P.2d 517: "An owner of land owns its surface water by the same title as he owns the land itself, and he has the right to collect and appropriate it to his own use without liability to others." The remainder of the available impounded water becomes the proper subject of appropriation by the Water Resources Board. Title 82 O.S. 21 [82-21] (1971) states that any person intending to acquire the right to the beneficial use of any water must make application for such use with the Water Resources Board. "Any person, firm, corporation, State or Federal Governmental Agency or subdivision thereof, intending to acquire the right to the beneficial use of any water, shall before commencing any construction for such purpose, or before taking the same for any constructed works, make an application to the Oklahoma Water Resources Board for a permit to appropriate in the form required by the rules and regulations established by the Oklahoma Water Resources Board." In Title 82 O.S. 24 [82-24] and 82 O.S. 25 [82-25] (1971) the Legislature has authorized the Water Resources Board to accept, reject or modify an application depending upon the amount of unappropriated water available. Therefore, it appears clear that by statute as well as by the findings of the Court, the Oklahoma Water Resources Board had total power to control unappropriated public waters. In reply to your second question, the authority granted to administrative boards within the State of Oklahoma is found in the case of Oklahoma Tax Commission, et al v. Fortenberry Co., Inc., et al., 270 P.2d 301 where the Court stated in the second syllabus: "In addition to the powers expressly given by the statutes to an officer or Board, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting express powers." In 82 O.S. 1072 [82-1072] (1971), the Oklahoma Water Resources Board shall have the authority "(a) Generally do all such things as in its judgment may be necessary, proper or expedient in the accomplishment of its duties." "(g) To make such rules, regulations and orders as it may deem necessary or convenient to the exercise of any of the powers of the performance of any of the duties conferred or imposed upon it by this or any other law." It is therefore the opinion of the Attorney General that your first question be answered as follows: Where water has been impounded upon the land of multiple owners and where said water has been determined to be the proper subject of appropriation by the Oklahoma Water Resources Board, that Board is statutorily empowered to determine the respective rights of the land owners to the beneficial use of the water impounded. It is further the opinion of the Attorney General that in answer to your second question, the Oklahoma Water Resources Board has the implied authority to establish an equitable formula whereby the inter est of the landowners and the State are fairly considered. (Paul Crowe) ** SEE: OPINION NO. 71-322 (1971) **